ALLERTON v. POOLE.

(Supreme Court, Appellate Term.   June 24, 1910.)

1. APPEAL AND ERROR (§ 781*)—DISMISSAL OF APPEAL—GROUNDS.
    Plaintiff's offer to vacate a default judgment is not ground for dismissing defendant's appeal from the judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 781.*]

2. JUDGMENT (§ 17*)—VALIDITY—WANT OF PROCESS.
    A judgment is invalid, where defendant was not served with process and did not appear.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Byron D. Allerton against Major R. Poole.  From a default judgment for plaintiff, defendant appeals.  Reversed and dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Benjamin Bulmer, for appellant.

S. A. Singerman, for respondent.

PER CURIAM.  The defendant appeals from a judgment taken against him in favor of the plaintiff, and hands up affidavits, copies of which have been served, showing that no service of the summons was ever made upon him and that he has never appeared in the action.  The process server practically admits that he served the wrong person, and plaintiff asks that the appeal be dismissed, upon the ground that his attorney has offered to vacate the judgment without costs to either party.  Such an offer is not a ground for dismissal.  If no summons was ever served, and the defendant did nothing to confer jurisdiction upon the court below, the judgment was wholly unauthorized, and must be reversed.  By a recourse to the provisions of section 325 of the Municipal Court act (Laws 1902, c. 580) the respondent could have reduced the costs upon reversal to the sum of $5.

Judgment reversed, with costs, and complaint dismissed, with costs.